UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARL PETERSON, :
 :
    Petitioner :
 :
    v. : CIVIL NO. 3:CV-05-1829
 :
THOMAS HOGAN, ET AL., : (Judge Kosik)
 :
    Respondents :

## MEMORANDUM and ORDER

### Introduction

    Carl Peterson filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on September 12, 2005. He is currently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania. Along with his petition, Peterson has submitted a request to proceed in forma pauperis (Doc. 3.) In the petition, Peterson challenges his continued detention during the government's appeal to the Board of Immigration Appeals ("BIA") of the Immigration Judge's decision to grant Peterson a cancellation of removal. He contends that he should be released on parole pending the finality of his immigration matter. For the reasons that follow, the petition will be denied.

### Background

    Peterson states that he is a native of the United Kingdom and a citizen of the United Kingdom and Canada. He has resided in the United States for 22 years as a legal permanent

resident. He states that he was placed in removal proceedings on or about April 14, 2005, with the issuance by ICE of a Notice to Appear. The Notice charged him with being an arriving alien and inadmissible pursuant to section 212(a)(A)(i)(I) having been convicted of a crime involving moral turpitude. He states that the charge of removability was predicated upon his conviction in February of 2000 of indecent assault without consent and indecent assault with force. He was sentenced to a period of incarceration of 6-23 months and two (2) years probation. He was later released in June of 2000 from custody.

In June of 2005, an Immigration Judge found that the offense of which Peterson was convicted, indecent assault, was not an aggravated felony for immigration purposes. Thereafter, the IJ granted Peterson cancellation of removal, and ordered his immediate release. The government immediately filed an appeal with the BIA which is currently pending. Peterson argues that he prevailed at the IJ level and that the standing decision is currently in his favor so therefore he should be released while the appeal is pending before the BIA. He states that requests to the Interim District Director for parole have been denied. He contends that his constitutional rights are being violated by keeping him confined while the appeal is pending. He challenges ICE's authority to continue his detention under the present circumstances. He argues that until the BIA overturns the IJ's decision, he is not an aggravated felon as a matter of law.

**Discussion**

In the instant case, this court is precluded from reviewing a final order of removal if the alien has failed to exhaust all administrative remedies available as of right. 8 U.S.C. § 1252(d)(1); see also Duvall v. Elwood, 336 F.3d 228, 232 (3dCir. 2003).  The doctrine of exhaustion of administrative remedies satisfies the dual goals of protecting administrative agency autonomy and maximizing judicial efficiency.  Duvall, 336 F.3d at 233.  Administrative exhaustion permits the agency to correct its own errors, judicial review is facilitated with the agency's development of a factual record, and judicial intervention may be unnecessary if the agency grants the relief requested.

A final order of an IJ is automatically appealable by either party to the BIA.  8 C.F.R. §§ 1003.1(b0(2) and 242.21.  Peterson admits that the government has filed an appeal with the IJ which is presently pending.  As such, to the extent Peterson seeks review of the removal order, the instant matter is still active before ICE and not properly before this court.[1]

To the extent Peterson claims that he is not filing the instant petition to litigate the issue of his cancellation of removal, but rather, to seek his release on parole while the appeal is still pending before the BIA, his argument is without merit.  In Demore v. Kim, 538 U.S. 510, 513

---

[1] Petitioner is advised for future reference that in May of 2005, legislation was signed into law which requires district courts to transfer to the appropriate court of appeals an alien's habeas corpus petition which challenges a final administrative order of removal (as opposed to a challenge to continued detention).  See Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005).

3

(2003), the Court sustained the authority of Congress to mandate detention of criminal aliens during <u>administrative</u> removal proceedings. Consequently, his petition will be denied.

**ACCORDINGLY, THIS 5th DAY OF OCTOBER, 2005, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is **granted** for the sole purpose of filing the instant petition.

2. The petition for writ of habeas corpus is **denied**.

3. The Clerk of Court is directed to **close this case**.

                                                    s/Edwin M. Kosik
                                              United States District Judge