UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARL PETERSON, :
 :
      Petitioner :
 :
v. : CIVIL NO. 3:CV-05-1829
 :
THOMAS HOGAN, ET AL., : (Judge Kosik)
 :
      Respondents :

**O R D E R**

**Background**

    Carl Peterson filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on September 12, 2005. At the time he was a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania. In the petition, Peterson challenges his continued detention during the government's appeal to the Board of Immigration Appeals ("BIA") of the Immigration Judge's decision to grant Peterson a cancellation of removal. He contends that he should be released from detention on parole pending the finality of his immigration matter.

    On October 5, 2005, an Order was issued denying the instant petition on the following basis. (Doc. 6.) The court is precluded from reviewing an order of removal if exhaustion of administrative remedies is not complete. See 8 U.S.C. § 1252(d)(1); see also Duvall v.

Elwood, 336 F.3d 228, 232 (3d Cir. 2003). A final order of an Immigration Judge is automatically appealable by either party to the BIA. 8 C.F.R. §§ 1003.1(b)(2) and 242.21. Peterson admits that the government has filed such an appeal which is still pending. Further, to the extent Peterson seeks review of the removal order itself, the matter would not properly be before this court. See Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005).

The court further found that to the extent Peterson was filing the instant petition to seek his release from detention while the BIA appeal was still pending, his argument was without merit. Pursuant to Demore v. Kim, 538 U.S. 510, 513(2003), the Supreme Court sustained the authority of Congress to mandate the detention of criminal aliens during administrative removal proceedings.

On October 18, 2005, Peterson filed a motion seeking reconsideration of the court's Order of October 5, 2005. (Doc. 7.) In the motion, Peterson disputes the court's denial of his habeas petition without first serving the petition on Respondents and conducting a hearing. Petitioner's argument lacks merit. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court may dismiss the petition prior to service if it plainly appears from the petition that petitioner is not entitled to relief. Further, petitioners have no right to an evidentiary hearing.[1] In addition, pursuant to Rule 8, a determination as to whether an evidentiary hearing will be conducted is not made by a judge unless the petition is not dismissed and, following a response, the record indicates that such a hearing is warranted.

---

[1] These Rules are applicable to habeas petitions filed pursuant to 28 U.S.C. § 2241. See Rule 1(b).

2

Peterson next attempts to reargue the merits of his case. First, the court has already addressed and rejected Peterson's arguments in the Memorandum and Order of October 5, 2005. There is no reason to do so again herein. More importantly, the motion for reconsideration is now moot in that Peterson was released from ICE confinement on November 7, 2005. There was a cancellation of his removal and he is no longer in ICE custody.[2]

**ACCORDINGLY, THIS 26th DAY OF JULY, 2006, IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 7) is **DENIED**.

s/Edwin M. Kosik<br>
United States District Judge

---

[2] The court learned this information pursuant to a telephone inquiry recently made to the York County Prison.